IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWARD TYRONE RIDLEY,
    Petitioner,

vs.                                       Case No. 5:09cv177/SPM/EMT

CHERYL PARSONS, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

        Now pending is Petitioner's response to an order of this court directing him to show cause why the instant habeas action should not be dismissed for lack of jurisdiction based upon his failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a) (*see* Docs. 17, 18). Leave to proceed in forma pauperis has been granted (Doc. 4).

        The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). Upon review of the petition and Petitioner's response to the show cause order, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

        Section 2254 provides that a district court shall entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court . . ." 28 U.S.C. § 2254(a). In Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), the Supreme Court considered a situation in which a prisoner filed a Section 2254 petition listing as the "'conviction under attack'" a 1958 state conviction for which he had already served the entirety of his sentence. 490 U.S. at 489–90. The petitioner also alleged that the 1958 conviction had been "used illegally to enhance his 1978 state sentences" which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. *Id.* The Court determined that the petitioner was "in custody" on his 1978 sentences because the State had lodged a detainer against him with the federal

authorities. *Id.* at 493. The Court held that the petitioner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. *Id.* at 492. However, the Court acknowledged that because his § 2254 petition "[could] be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, . . . respondent [the habeas petitioner] . . . satisfied the 'in custody' requirement for federal habeas jurisdiction." *Id.* at 493–94.

Similarly, in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401–02, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001), the habeas petitioner was currently serving a sentence for a 1990 conviction and alleged that his prior convictions in 1986, for which he was no longer serving a sentence, were unconstitutional and may have affected his current sentence. The Court held that the petitioner could not bring a federal habeas petition directed solely at the 1986 convictions. 532 U.S. at 401. However, his Section 2254 petition could be construed as asserting a challenge to the 1990 sentence which he was currently serving, on the ground that the current sentence was enhanced by the allegedly invalid prior conviction. *Id.* Therefore, the "in custody" requirement was satisfied. *Id.* at 402.

In the instant habeas action, Petitioner challenges his 1996 conviction in the Circuit Court in and for Bay County, Florida for attempted sexual battery (Doc. 15 at 1).[1] He states he was sentenced to three (3) years of incarceration for that conviction (*id.*). When Petitioner initiated this habeas action on May 5, 2009, he was incarcerated at the Treutlen Probation Detention Center in Soperton, Georgia (*see* Doc. 1). Petitioner's three-year Florida sentence, imposed thirteen (13) years prior in 1996, obviously expired prior to his filing the instant habeas action. Despite this court's advising Petitioner of the "in custody" requirement and directing Petitioner to show cause why this action should not be dismissed for failing to satisfy that requirement, thereby providing him an opportunity to allege that the Georgia sentence he was serving when he filed this habeas action was enhanced by the 1996 Florida conviction, Petitioner made no such assertions in his response to the

---

[1] Although Petitioner states the court which entered the judgment under attack is located in Crisp County, Georgia (*see* Doc. 15 at 1), this appears to be an error as Petitioner's original and first amended petition identified Panama City in Bay County, Florida as the location of the court which entered the judgment under attack (*see* Doc. 1 at 2; Doc. 9 at 1).

Case No: 5:09cv177/SPM/EMT

show cause order.  In the absence of any allegation that the expired Florida conviction that he now seeks to challenge was a necessary predicate to the Georgia sentence he was serving when he filed this habeas action, that the Florida conviction was positively and demonstrably related to the Georgia sentence, or that the Georgia sentence was in any way enhanced or affected by the Florida conviction, the instant habeas petition cannot be construed as challenging the Georgia criminal judgment, pursuant to which he was incarcerated at the time he filed this habeas action.  Because his petition is directed solely at his 1996 Florida conviction, under which he was <u>not</u> in custody at the time he filed his habeas petition, he does not satisfy the "in custody" requirement of Section 2254.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's amended habeas petition (Doc. 15) be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida  this <u>28</u>th day of October 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**